UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| TYRIS L. HARVEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:22-CV-39-DCLC-JEM |
| | ) | |
| BILL LEE, Governor for the State of | ) | |
| Tennessee, DAVID RAUSCH, Director of | ) | |
| the Tennessee Bureau of Investigation, | ) | |
| STATE OF TENNESSEE, and | ) | |
| HERBERT SLATERY, III, Attorney General, | ) | |
| for the State of Tennessee, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] and the pro se Complaint for Violation of Civil Rights ("Complaint") [Doc. 2]. For the reasons more fully stated below, the undersigned finds that Plaintiff shall be allowed to file the Complaint without prepayment of costs; however, the undersigned **RECOMMENDS** that the claims against the State of Tennessee and Bill Lee ("Governor Lee"), David Rausch ("Director Rausch"), and Herbert Slatery, III ("Attorney General Slatery"), in their individual capacities, be **DISMISSED**. The Court further **RECOMMENDS** that the claims against Governor Lee, Director Rausch, and Attorney General Slatery, in their official capacities, proceed beyond the initial screening phrase.

I. **FILING FEE**

Plaintiff has filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), with the required detailing of his financial condition, and his Prisoner

Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2) [Doc. 1]. Plaintiff attests that he has no money in his savings account, and his Certificate shows that his average balance in his inmate account for the last six months was zero dollars. The Application and Certificate demonstrate that Plaintiff has little income and few assets and is unable to prepay such fees. Accordingly, Plaintiff's Application [**Doc. 1**] is **GRANTED**.

Because Plaintiff is an inmate in the Blount County Detention Center, however, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account is directed to submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another

correctional institution. The Clerk is also **DIRECTED** to forward a copy of this order to the Court's financial deputy. The Clerk **SHALL NOT**, however, issue process at this time.

II.   ANALYSIS

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Plaintiff utilized the form complaint for civil rights violations pursuant to 42 U.S.C. § 1983 [Doc. 2]. Plaintiff states that the Tennessee Sex Offender Act ("Act") "as applied" is continuously punitive and injurious to his physical and mental health and has hurt him economically [*Id.* at 4]. Plaintiff indicates that he has been forced to comply with the "unconstitutional mandates of said registry" [*Id.*]. Plaintiff alleges that in 1986, he was convicted of criminal sexual misconduct in Detroit, Michigan, and was given a ten-year sentence [*Id.*]. Plaintiff states that his sentence expired in 1995, and afterwards, he moved to Maryville, Tennessee [*Id.*]. In Tennessee, Plaintiff had to serve additional prison terms for unrelated non-sexual charges [*Id.*]. In 2007, Plaintiff was

3

forcefully mandated to comply with terms and conditions (presumably of the Act), which Plaintiff states legally do not apply to him [*Id.*].

Plaintiff states that the requirements of the Act are interpreted differently by county officials who work under the umbrella of the Tennessee Bureau of Investigation ("TBI") and by the probation and parole officers with the Tennessee Department of Corrections ("TDOC") [*Id.* at 4–5]. Plaintiff states that he has been sent to prison four (4) times for violating the Act [*Id.* at 5]. Plaintiff states that in 2008, he was convicted of violating the Act because he unknowingly failed to report and was put on probation for two years [*Id.* at 5–6]. Plaintiff alleges that later, he was sent to prison because he could not satisfy the fines [*Id.* at 6]. Subsequently, in 2016, Plaintiff's probation officer found that Plaintiff violated the Act because he failed to report that he had borrowed a vehicle [*Id.*]. Plaintiff avers that he served two (2) years in prison for failing to report that he borrowed the vehicle [*Id.*]. Finally, Plaintiff states that in 2018 and in 2019, registry officer, Paul Graddy, accused Plaintiff of quitting his job, and Plaintiff was forced into a two-year plea agreement that he has now served [*Id.* at 7].

Plaintiff states that he is currently in jail because his probation officer, Peter Hazel, who acted contrary to his supervisor's orders, charged him with violating the Act [*Id.*]. Specifically, Plaintiff submits that Peter Hazel wrongfully interpreted the registry's requirements and charged Plaintiff with failing to report a change in vehicle usage and being within 800 feet of park [*Id.* at 8]. Plaintiff states that with respect to the failure to report a vehicle change, the Act does not require him to report the change unless he uses the vehicle five days or more [*Id.*]. In addition, Plaintiff alleges that the Act states that sexual offenders cannot stand or sit idly within 1,000 feet of a park, not 800 feet [*Id.*].

4

Plaintiff states that the Act's requirements have caused him to lose jobs, residences, family, and friends [*Id.* at 8–9]. He submits that the application of the Act, which is an *ex post facto* law, has caused him to sustain injuries [*Id.* at 10]. Plaintiff states that Paul Graddy, his registry officer, told him that the Court would not remove his name from the registry [*Id.*]. He requests a preliminary injunction to maneuver as needed with housing and work in order to regain his life, a permanent injunction, and the appointment of counsel [*Id.* at 11].[1]

Plaintiff appears to be presenting a constitutional challenge to the Act under the *ex post facto* clause of the United States Constitution. Plaintiff has not indicated whether he is suing Defendants in their official capacities or their individual capacities. To the extent Plaintiff is alleging claims against Defendants in their individual capacities, the Court **RECOMMENDS** such claims against Defendants in their individual capacities be **DISMISSED**. "Persons sued in their individual capacities under § 1983 can be held liable based only on their own unconstitutional behavior." *Heyerman v. Cnty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012). Plaintiff has not alleged any specific facts against the individual Defendants, and he appears to have named them as parties given their positions.

To the extent Plaintiff is alleging claims against Governor Lee, Director Rausch, and Attorney General Slatery, in their official capacities, the Court will allow these claims to proceed, although the undersigned expresses no opinion on the merits of Plaintiff's allegations. *Kelly v. Lee*, No. 1:18-CV-00170-DCLC, 2020 WL 2120249, at *3 (E.D. Tenn. May 4, 2020) (finding that TBI Director and the Attorney General are appropriate parties in an action challenging the Act); *Doe* v. *Haslam*, No. 3:16-CV-02862, 2017 WL 5187117, at *9 (M.D. Tenn. Nov. 9, 2017) (finding

---

[1] Plaintiff's request for appointment of counsel in his Complaint [Doc. 2] is not proper. If Plaintiff seeks the appointment of counsel, he must file a motion in accordance with Federal Rule of Civil Procedure 7(b) ("A request for a court order must be made by motion.").

it is appropriate to sue the Governor in an action challenging the Act); *but see Kelly*, 2020 WL 2120249, at *3 ("To be sure, there seems to be no consensus on whether the [G]overnor of Tennessee is a proper party in a constitutional challenge to the Sex Offender Registry laws." (collecting cases)).

Plaintiff's claims against the State of Tennessee, however, must be dismissed. *Newsome v. Lee*, No. 3:21-CV-00041, 2021 WL 1697039, at *4 (M.D. Tenn. Apr. 29, 2021) ("Plaintiff's Section 1983 claims against the State of Tennessee must be dismissed due to sovereign immunity."); *Kelly*, 2020 WL 2120249, at *2 ("The State of Tennessee has sovereign immunity from suit in federal court.").

## III. CONCLUSION

For the reasons set forth above, the Court finds Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**] well taken, and it is **GRANTED**. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as provided above. However, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[2] because it is **RECOMMENDED**[3] that the claims against the State of

---

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson*, 915 F.2d at 263, wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

Tennessee and Governor Lee, Director Rausch, and Attorney General Slatery, in their individual capacities, be **DISMISSED**. The Court further **RECOMMENDS** that the claims against Governor Lee, Director Rausch, and Attorney General Slatery, in their official capacities, proceed beyond the initial screening phase.

    Respectfully submitted,

Jill E. McCook
United States Magistrate Judge